# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ASHELY, individually and behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SHERIFF DONNY YOUNGBLOOD, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01638 JLT<br><br>ORDER RE MOTION FOR TEMPORARY INJUNCTIVE ORDER AND ORDER PROHIBITING MEETINGS ON JANUARY 18 AND 19, 2019 WITH PROSPECTIVE MEMBERS OF THE CLASS<br>(Doc. 79) |

The defendant has filed an emergency motion for a temporary restraining order precluding plaintiff's counsel from conducting meetings today and tomorrow, pursuant to advertisements plaintiff's counsel have been running seeking communication with prospective members of the class. (Doc. 79) In support of the motion, the defense has filed a copy of the advertisement which, notably, informs "Kern County Deputy Sheriffs and Detention Deputies[that] Mahoney Law Group, APC and Briana Kim, P.C. are fighting for you." (Doc. 79-1 at 12) In response, the Court required counsel to participate in a telephonic conference to discuss the situation. (Doc. 80)

During the call, counsel for the plaintiff, Ms. Odenbreit, reported that plaintiff's attorneys have received a total of 20 to 30 calls from prospective members of the collection in this case and in the companion case, <u>Wonderly v. Youngblood</u>, Case No. 1:16-cv-01621 JLT. She stated that each of these individuals expressed concern about costs being awarded should he/she opt into the litigation and each expressed fear of retaliation. Ms. Odenbreit indicated she had significant concerns about the

notice sent to the prospective members of the collection related to the imposition of costs and planned the meetings at issue to allay fears.[1] Ms. Odenbreit explained that she believed the meetings were needed because the putative members expressed concerns that their inquiries by telephone or otherwise (the notice gives counsel's contact information for purpose of obtaining additional information) would be noted and they could be subject to retaliation.[2] However, exactly how a meeting occurring at a public place after having been advertised provides a greater level of confidentiality than a telephone call would provide, is unclear.[3]

Finally, Ms. Odenbreit indicated she felt the meeting was needed to allow her and Ms. Kim to investigate the effectiveness or defectiveness of the notice provided. She expressed that she felt this was needed before she could bring the matter to the Court's attention.

In any event, the Court has insufficient information to decide whether meetings should or may occur. Despite plaintiff's counsel's argument to the contrary, this Court is obligated to ensure that prospective members of the collection receive accurate and balanced information about the litigation so they can decide whether to opt in, to not join in or to seek additional legal counsel. At this point, it appears that the advertisement run by the plaintiff's counsel is misleading because it suggests that they *already* represent the prospective members given the use of the language that reads, in essence, "We're working to protect your rights." (Doc. 79-1 at 12) Given the lack of attorney-client relationship and the lack of opt-in (the Court was informed that only a dozen people had opted into one lawsuit and none had opted into the other), the Court is concern that this is not an accurate statement. See Jones v. Casey's Gen. Stores, 517 F.Supp.2d 1080, 1084-1085 (S.D. Iowa 2007).

The Court is obligated to ensure information provided to prospective members of the collection are accurate. Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 170-171 (1989). In Hoffman, the Court held,

---

[1] The Court notes that the notice was ordered by the Court upon the stipulation of counsel and questions why, if the notice was insufficient, counsel stipulated to the notice and failed to bring the concerns to the Court's attention.

[2] Once again, the notice specifically informs the prospective members that they may not be subject to retaliation and they are protected by federal law from suffering this conduct. Ms. Odenbreit indicated that she would provide the prospective members no different information than that set forth in the notice on this topic.

[3] When the Court pointed out that there was no way to prevent attendees from telling others who they saw at the meeting or preventing a person from sitting in the parking lot and watching people go in, Ms. Odenbreit did not explain why she felt the meeting provided greater protection.

> These benefits [of the collective action], however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. See Fed.Rule Civ.Proc. 83. It follows that, once an ADEA action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

Thus, the Court **ORDERS**:

1. Plaintiffs' counsel **SHALL NOT** hold the advertised meetings on January 18, 2019 or January 19, 2019 or any other group meeting with prospective members of the collection at any other time until the Court decides the issues raised by the motion and by Ms. Odenbreit during the telephonic conference. Likewise, plaintiffs' counsel **SHALL IMMEDIATELY** discontinue any all and advertisements and place no further advertisements seeking prospective collection members until the Court determines the notice given has been insufficient and authorizes advertising. This does not preclude plaintiff's counsel from having robust conversations with any prospective member who contacts them;

2. Opposition to the motion SHALL be filed no later than January 23, 2019, including a discussion, if they choose, whether the opt-in deadline should be extended and, if so, how this may be accomplished;

3. The optional reply may be filed no later than January 28, 2019;

4. Neither the opposition nor the reply SHALL exceed 10 pages exclusive of evidence. Any assertions of fact SHALL be supported by admissible evidence. As necessary, plaintiff's counsel may redact the names (to reflect only the initials of the first and last name) of clients or prospective clients if their identities are needed in opposition to the motion;

///
///
///
///

5. The Court sets a hearing on the motion on February 1, 2019 at 9:00 a.m. Telephonic appearances are encouraged provided that counsel files a notice of appearance by telephone (using the Court's teleconference service) no later than January 30, 2019.

IT IS SO ORDERED.

Dated: **January 18, 2019**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE